WILLIAM H. PHELPS *et al.*, Plaintiffs in Error, *v.* JOSEPH W. FOSTER *et al.*, Defendants in Error.

### ERROR TO BOONE.

An injunction to restrain parties from disposing of goods, pending a trial at law, so that they may be levied upon by virtue of a judgment, which the complainant hopes to obtain, is improper.

It is erroneous to issue an injunction, without an order from the proper officer so to do.

In a bill for an injunction to restrain a party from disposing of goods during the pendency of a suit at law, when the suit at law is dismissed the injunction must follow its steps, as a necessary consequence.

Except in the case of an injunction to restrain a judgment at law, it is improper to award damages upon the dismissal of an injunction bill.

An injunction should rarely, if ever, be allowed, without notice to the party to be enjoined, when that is practicable, so that he may be heard, and may file affidavits in answer to the bill.

ON the 24th April, 1856, plaintiffs in error filed a bill in the Boone Circuit Court, against the defendants in error, charging the sale, on the 10th October, 1855, of goods to the defendant, Joseph W. Foster, to the sum of $2,080, on a credit, taking his note at six months therefor; that he then falsely represented himself to be the owner and in possession of goods, wares and merchandise, and debts due him that were good, to the amount of $5,000; owned a house and lot in Belvidere worth $700; was indebted to Lyon $1,400; to Tittsworth & Co. $200; Cooley, Wadsworth & Co. $200; E. Hempstead $100; other bills of goods $210; in all, $2,090, which was all that he owed; that thereby they were induced to sell him said goods on a credit of six months; that these representations were untrue; that he was then indebted to other persons to $2,000, and did not own any house and lot in Belvidere.

That just before note fell due, J. W. Foster made a pretended sale of all his stock of goods and property to T. P. Foster, his brother; that such sale is fraudulent, and done to hinder and delay creditors; that said T. P. Foster was then insolvent. Goods still remaining in store at Belvidere, worth about $3,000 or $4,000.

That they have commenced proceedings at law to recover said demand; but that a judgment could not be obtained to the next October term of the court, upon which time the said goods would be placed beyond the reach and benefit of the complainants.

Prayer for an injunction to restrain defendants from assigning, etc., the said goods, etc., until further order, etc.

On the 25th April, 1856, bond filed and injunction issued and served on defendants.

Oct. 7, 1856. Injunction dissolved, on motion, on terms (no

written motion appearing), and defendant, Thomas P. Foster, moves to have his damages assessed by reason of the wrongful suing out of said injunction, which the court proceeds to do, and assesses them at $1,250, renders judgment therefor, and orders bill to be dismissed.

The errors assigned are as follows:

That the court sustained the motion to dismiss the bill.

The assessment of damages upon dissolution of injunction, and the judgment therefor.

That the court dismissed bill without a demurrer being filed.

The judgment in this case was rendered by I. G. WILSON, Judge.

FARNSWORTH and BURGESS, for Plaintiffs in Error.

J. L. LOOP, for Defendants in Error.

CATON, J. The injunction in this suit was properly dissolved, for three very good reasons. *First.* No such case was made by the bill, as would authorize an injunction. If the allegations of the bill are true, the sale from Thomas P. Foster to J. W. Foster was void, absolutely, as to creditors, and the complainants had an adequate remedy at law, by attaching the goods; but even if that had not been the case, I am not aware of any principle of equity jurisprudence which will justify the issuing an injunction in such a case, to compel the parties to hold the goods pending a trial at law, to see if they will not be wanted to answer an execution upon a judgment which the complainant hopes to obtain. The bill was devoid of equity on its face. But if this were not so, the injunction was issued without any warrant of law, for no order directing an injunction to issue appears ever to have been made, by any court or officer, authorized to order an injunction. At least, if such an order was ever made, it does not appear on this record. So the clerk issued the writ without authority.

Finally, admitting a proper case was made by the bill, and that the injunction was properly issued, and still it appears the court was right in dissolving it. The sole object of the bill was auxiliary to the action at law; to obtain an injunction to restrain the removal or disposition of the goods till the determination of that cause, which was pending in the same court in which the bill was filed. Now, under our system, where the same court exercises both common law and chancery jurisdiction, it was proper for the court to take notice of its own records, and see when that action was determined. When that contingency happened, from the very nature of the bill, its final object was accomplished and it ceased to have any

vitality. The order of the court, dissolving the injunction, recites that the action at law was dismissed because the process was void, and hence there could be no ground for longer continuing the injunction. The dismissal of the bill followed as a necessary consequence upon the dissolution of the injunction. It was purely an injunction bill, and that, too, of a temporary character. When the injunction was dissolved, the only relief prayed for was denied, and the dismissal of the bill was a necessary consequence. In this there was no error.

I have, with considerable reluctance, come to the conclusion that the court exceeded its power in awarding damages to the defendant and against the complainant. Except in the case of an injunction to restrain a judgment at law, I can find no warrant in the statute for awarding damages upon the dismissal of an injunction bill, and I cannot find authority for sustaining it in the practice of the English court of chancery. The general principles of equity jurisdiction are against it. It is granting affirmative relief to the defendant, without a cross bill, and when the pleadings do not justify it. I regret that it is so, for I think this power almost indispensable, as a check upon the too free and dangerous use of this writ, which is liable to great abuse; unless the greatest circumspection is used by those invested with the high power of awarding it, which, I regret to say, has not always been the case. Indeed, this writ should very rarely, if ever, be awarded without giving the opposite party a chance to be heard and to file affidavits in answer to the bill, whenever that is practicable.

That portion of the decree which awards damages to the defendants below must be reversed and the balance affirmed, and no costs awarded to either party in this court.

*Judgment reversed.*