# THE SUPREME COURT

OF THE

# STATE OF ILLINOIS,

OF CASES ARGUED AT

## APRIL TERM, 1862, AT OTTAWA.

JAMES B. GORTON, Appellant, *v.* JOHN M. BROWN, Appellee.

APPEAL FROM COOK.

An action on the case will not lie for improperly causing a writ of injunction to be issued. The remedy is on the injunction bond.

The case of *Cox* v. *Taylor's Administrators*, 10 B. Monroe, 17, not recognized as authority.

THIS was an action of trespass on the case, commenced by the appellee, Brown, against the appellant, Gorton, in the Circuit Court of Lake county, from which the venue was changed to Cook.

The declaration charges, that the appellant, on the 30th day of October, 1854, falsely, maliciously, and without any reasonable or probable cause whatsoever, filed his bill of complaint on the chancery side of the Lake Circuit Court, and at the same time falsely, maliciously, and without any reasonable or probable cause whatever, caused to be issued out of, and under the seal of said court upon said bill, and the indorsement of the master in chancery of said county thereon, a writ of injunction against and to the said appellee, Brown, whereby he, the said Brown, was restrained and enjoined from selling, or in any way or manner disposing of, or interfering with a certain lot of lumber purchased of Smith & Murphy, of Manitowoc, Wisconsin, and which was in said injunction alleged to

32

Gorton v. Brown.

be owned by said Brown and Gorton as partners. Also en-·joining said Brown from collecting any debts due on account of any of said Smith & Murphy lumber which had been sold on credit; which said injunction was, on or about the day of the issue thereof, served on said Brown.

Declaration also charged, that at and before time of filing said bill, said Brown was engaged in the lumber trade at Waukegan, in said county of Lake. That he had a cash capital of $2,000, in his said business, and a good credit. That the quantity of lumber which he was so enjoined from selling or interfering with, amounted to 100,000 feet of best quality of pine lumber, worth then in the market, $35 per thousand.

That after the issuing and service of said injunction, such proceedings were had in said chancery suit, in said court, as that said injunction was, on the 7th day of August, 1856, unconditionally dissolved by said court; and that at the September term of said court, 1857, said bill was, by said Gorton, dismissed at his own costs.

That said Gorton, at the time of filing said bill and obtaining said injunction, knew that he was not a copartner or joint owner with said Brown in said lumber. That by reason of the commencement of said suit, and procuring and service of said injunction, and the retaining of said injunction from the time of the service up to the time of the dissolution thereof, said Brown was greatly injured, and wholly ruined, in his credit and reputation, and lost the benefit of the sale of his said lumber during the time the said injunction was in force; and said lumber, while the sale thereof was so enjoined, became greatly damaged, rotted, and spoiled, so that at the time of the dissolution of said writ, the same could not be sold in the market for so much per thousand feet into $10 or $15. And that he, said Brown, was also compelled to expend large sums, to wit, $500, in employing counsel to defend said chancery suit, and obtain the dissolution of said writ.

To this declaration Gorton plead—

1st. The general issue.

2nd. That said cause of action did not accrue within two years preceding the commencement of said suit.

Issue was joined on both of these pleas. And the cause was tried at the October term, 1860, of the Circuit Court of Cook county, before MANIERRE, Judge, and a jury. There was a verdict and judgment for the plaintiff below for two thousand dollars.

On the part of Brown, the plaintiff below, the court gave the jury, among others, the following instructions:

3. If the jury believe, from the evidence, that the defend-

ant willfully and maliciously commenced said chancery suit, and caused said writ of injunction to be issued and served, he not being at the time the copartner of the plaintiff, nor having reasonable or probable grounds for believing that he was jointly interested with him in the lumber, then the law is for the plaintiff; and in estimating the plaintiff's damages, the jury are not confined to the exact amount in dollars and cents proven by the plaintiff, but may give such damages as they believe, from the evidence, in view of all the facts and circumstances of the case, the plaintiff has sustained, by reason of the commencement of said suit, and the issuing and service of said writ of injunction.

4. If the jury believe, from the evidence, that the defendant was not, at the time that he commenced said chancery suit, and the issuing and service of said writ of injunction, the copartner of said plaintiff, or jointly interested with him as alleged in his bill, and had no reason or probable ground for believing that he was, and commenced said cause maliciously, then the plaintiff is entitled to recover such damages as the jury believe from the evidence he has sustained, by reason of the issuing of said writ, and the service thereof, and commencement of said chancery suit; and in estimating such damages the jury will consider the condition, as shown by the evidence, of the lumber at the time of the service of said writ, as well as its condition at the time of dissolution of said injunction, and allow such damages, by reason of the injury thereto, as they believe, from the evidence, was sustained by the plaintiff by reason thereof.

5. If the jury believe, from the evidence, that the plaintiff was engaged in the lumber business in Waukegan, prior to and after the time of the commencement of said chancery suit, and issuing and service of said writ of injunction, and had prior thereto established a business and business credit in said lumber trade, and that the defendant, knowing that fact, for the purpose of destroying said business and business credit, commenced a chancery suit against said plaintiff, charging a copartnership to exist between them, or a joint interest in said property, and caused a writ of injunction to be issued and served on said plaintiff and his property, without probable cause for believing that a partnership existed, for the purpose aforesaid, and that by means thereof said business and credit were injured, then the law is for the plaintiff; and the jury, estimating the plaintiff's damages, are not confined to the exact amount in dollars and cents as shown by the evidence, but may give such damages in addition

thereto as they believe, from a just view of the whole case as detailed in evidence, the plaintiff has sustained.

The defendant thereupon requested the court to instruct the jury, among other things, as follows:

6. If the jury believe, from the evidence, that Gorton in good faith supposed himself to be a part owner of the lumber and shingle bolts mentioned in the injunction described in plaintiff's declaration in this case, and obtained said writ of injunction for the purpose of protecting what he believed to be his equitable rights, then he had probable cause for commencing said suit and obtaining said writ of injunction, and this action cannot be maintained.

8. If the jury believe, from the evidence, that at the time of filing the bill and suing out the writ of injunction mentioned in the plaintiff's declaration, the defendant Gorton believed in good faith that the allegations in said bill were true, and that he was entitled to the relief therein sought, then he had probable cause for his said action, and this suit cannot be maintained.

Which said instructions the court refused to give as asked, but modified the sixth instruction, by inserting, after the word " faith" in second line, the words " and without willful ignorance," and by striking out the words "he had probable cause," and inserting in their place the words "this action," in the place of the words so stricken out, and also by striking out the words " and this action," after the word injunction.

And modified said eighth instruction, by inserting after the words " good faith," the words " and without willful ignorance," and also by striking out the words "he had probable cause for his said action," after the word "then," in the last clause of said instruction.

11. If the jury believe, from the evidence in this case, that the bill was filed and injunction obtained and served in said plaintiff's declaration mentioned, more than two years before the commencement of this suit, then this suit is barred by the statute of limitations, and the law is for the defendant.

12. If the jury believe, from the evidence, that the writ of injunction in the plaintiff's declaration mentioned, was dissolved by the court more than two years before the commencement of this suit, then this suit is barred by the statute of limitations, and the plaintiff cannot recover.

Which said last two instructions the court refused to give.

Motions for new trial and in arrest, were overruled, on condition that Brown remit five hundred dollars, from verdict, which having been done, judgment was rendered on the verdict.

Gorton appeals to this court, and assigns the following errors upon the record :

1. The court erred in refusing to instruct the jury as a matter of law, what was probable cause, as asked in 6th and 8th instructions by the defendant.

2. The court erred in instructing the jury that they might give exemplary damages. See 1st, 2nd, 3rd, and 5th instructions asked by the plaintiff and given by the court.

3. The court erred in giving the instructions asked for by the plaintiff.

4. The court erred in modifying the 6th and 8th instructions asked for by the defendant.

5. The court erred in refusing to give the instructions numbered eleven and twelve, in regard to the statute of limitations, asked for by the defendant.

6. The jury disregarded the law of the case as expressed in the instructions of the court.

7. The court erred in admitting improper evidence on the part of the plaintiff.

8. The court erred in excluding proper evidence offered by the defendant.

9. The court erred in refusing a new trial in said cause, there being no evidence of malice on the part of the defendant.

10. The verdict of the jury and the judgment rendered in said cause, are contrary to the law of the case, and the evidence given on the trial thereof.

11. The court erred in not sustaining defendant's motion in arrest of judgment, and in rendering judgment on the verdict.

BLODGETT & UPTON, for Appellant.

W. S. SEARLES, for Appellee.

BREESE, J. Preliminary to all other questions presented by this record, is the question, can this action be maintained ? We have searched the precedents and books of pleadings from the earliest times to the present, and find but one case where it has been held, that an action can be maintained for maliciously suing out a writ of injunction. We are well aware that elementary writers and respectable courts have held that an action on the case will lie for an abuse of the process of the courts, where special damages are alleged, and against a party for prosecuting a causeless action prompted by malice, by which the defendant has sustained some injury, for which he has no other recourse or remedy. Such actions, however,

for the most part, are actions wherein arrests have been made and bail demanded, or the party put to some other expense and inconvenience, which cannot be compensated in any other mode than by an action. Such actions, except where a malicious arrest is charged, are not favored by the courts, and ought not to be, for in a litigious community, every successful defendant would bring his action for a malicious prosecution, and the dockets of the courts would be crowded with such suits. Even for instituting a criminal prosecution, and failing in it, courts regard a subsequent action for malicious prosecution with disfavor, for the reason that they have a tendency to discourage just prosecutions for crime. There is little doubt that very many aggravated cases of crime have not been prosecuted, from the dread, in the event of an acquittal, of this action to follow, and damages recovered, ruinous to the prosecutor. But the action will lie, for it is reasonable, that when an injury is done to a person, either in reputation, property, credit, or in his profession or trade, he ought to have an action of some kind to repair himself. Most of the cases we have examined are cases for falsely, maliciously, and without probable cause, suing out process, regular and legal in form, to arrest and imprison another. Such arrest is tortious and unlawful, and the party causing it ought to be answerable in damages for the wrong done, but even in such case, some damage must be alleged and proved.

As we have said, we have found but one case where the action was held to be maintainable for suing out an injunction in chancery, and that was a case decided by the Supreme Court of Kentucky. It is the case of *Cox* v. *Taylor's Administrators*, and reported in 10 B. Monroe, 17.

The declaration in that case was adjudged insufficient, because it did not allege that the injunction or restraining order, whereby the plaintiff was prevented from the proper use and enjoyment of his land, was obtained or caused to be issued or continued without any probable cause therefor. Had this allegation been in the declaration, as it is in the one before us, it would have been sufficient. It was argued by the defendant, that the remedy, by an action on the case, was merged in that on the bond which is given on obtaining an injunction. In reply to this, the court said, that although a bond was given, on obtaining the injunction, that an action upon it, and on the case, are not coextensive or commensurate, either as to the nature of the wrong, or as to the extent or criterion of damages recoverable, and therefore there was no ground for this argument, and the court likened it to a case of official bonds by sheriffs or others, both remedies would

Gorton *v.* Brown.

exist, and thought the same should be the case with regard to injuries occasioned by injunctions for which the party might have an action on the case, if no bond were required.

This is the only case we have been able to find going near to sustaining this action. It is a solitary case—it stands alone, and that fact is some evidence that it is out of the track of well received judicial decisions. On the principle that this action is not to be encouraged, it seems surprising such a decision should have been made, especially where the injured party had a more efficient remedy, and in pursuing which, he would not be required to show a want of probable cause.

We hold the remedy on the bond given on obtaining the injunction, is all the remedy to which the injured party can resort. It is designed by the statute, to cover all damages the party enjoined can possibly sustain, and it is in the power of the judge or officer granting the writ to require a bond in a penalty sufficient to cover all conceivable damages. This bond is a high security which the law requires the complainant in a bill for an injunction to execute, to indemnify the defendant, in case the injunction shall be dissolved. It is a familiar principle, when a party has taken a higher security, his suit must be brought on that security. *Touissant* v. *Martinnant*, 2 T. R. 104; *Cutler* v. *Powell*, 6 ib. 324. The bond becomes, when forfeited, the cause of action, and is intended by the law, to measure the damages of every kind which the party may sustain by wrongfully suing out the injunction in case it is dissolved. It is not at all like the official bonds of sheriffs. They are made payable to the People of the State, not to any particular person, and consequently, do not merge a remedy one may have outside of the bond, and besides, it is the policy of the law to multiply the remedies against public officers. Not so with the injunction bond, that is made payable to the defendant. He is the only person interested in it. It is his security. It is all the law gives him as his security, and he is bound to sue on the bond. Were no bond given or required, then the action might lie. This action on the case, under the circumstances shown, cannot and ought not to be maintained. It is against public policy. For these reasons, the judgment is reversed.

*Judgment reversed.*