176  RUSSELL *et al.* *v.* ROGERS *et al.*   . [Sept. T.,.

Syllabus. Opinion of the Court.

CYRENUS RUSSELL *et al.*

*v.*

JAMES H. ROGERS *et al.*

1. INJUNCTION — *dissolution of* — *assessment of damages.* Where an injunction bond was executed since the adoption of the act of 1861, authorizing the circuit courts to assess damages on the dissolution of any injunction, in a suit to restrain the defendants from opening a road over the complainant's land, conditioned that the complainant should prosecute his suit with effect, or should pay all such damages as might be awarded against him for a failure, it was *held*, that, inasmuch as the defendants had failed to claim and have their damages assessed when the injunction was dissolved and the suit dismissed, they had no right, under the bond and that statute, to have damages assessed in a suit on the bond.

2. FORMER DECISIONS. The cases of *Phelps* v. *Foster*, 18 Ill. 309, and *Hibbard* v. *McKindley*, 28 id. 240, holding, except in the case of an injunction to restrain the collection of a debt, that it was error to assess damages on the dissolution of an injunction, thus rendering it necessary to prove the damages sustained, on the trial of the suit on the bond, were before the passage of the act of 1861, and hence have no controlling effect upon this case.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. S. D. PUTERBAUGH, Judge, presiding.

The opinion states the case.

Messrs. JOHNSON & HOPKINS, for the plaintiffs in error.

Messrs. McCULLOCH & CRATTY, for the defendants in error

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that in the year 1869 defendants in error were road commissioners of the town of Radnor, in the county of Peoria, and as such were about to open a public highway over the premises of Russell. And on the 8th day of March of

that year he filed his bill and obtained an injunction against defendants in error, restraining them from opening the road, when Russell, with the other plaintiffs in error, filed an injunction bond in the case. On the 3d day of June, 1869, the cause came on to be heard on a demurrer to the bill and on a motion to dissolve the injunction, upon proofs of the parties, when the injunction was dissolved and the bill dismissed. This suit is brought on the bond to recover for expenses, costs and solicitors' fees paid, and for solicitors' fees for which defendants in error are liable to pay and for damages paid and sustained. On the trial in the court below the only evidence of damage was, that defendants in error were liable to their attorneys for $100 for defending the suit for the injunction, and for that amount they recovered a judgment; to reverse which the record is brought to this court and errors have been assigned.

In support of the judgment of the court below we are referred to the case *Hibbard* v. *McKindley*, 28 Ill. 240, where it was held, that under the condition of an injunction bond, that the obligors would pay all such costs and damages as should be awarded against the complainant on the dissolution of the injunction, damages might be recovered that were not assessed by the court when the dissolution was ordered. It is urged that this case is conclusive of the question. This would no doubt be true were it not for the act of 1861 (Sess. Laws, 133). Prior to the passage of that law, the circuit courts were authorized to award damages not exceeding ten per cent, when an injunction restraining the collection of a debt was dissolved, but there was no provision of the statute authorizing the assessment of damages in other cases. And the act of 1861 was no doubt passed to remedy the existing inconvenience in the practice, and to relieve the defendant from the necessity of suing on the injunction bond, when the damages could be collected on execution against complainant.

That act declares that, in all cases, on the dissolution of an injunction, the chancellor, before finally disposing of the case,

12 — 56th Ill.

upon the party claiming damages by reason of such injunction, upon suggestions in writing, with their nature and amount, shall hear evidence and assess such damages as the nature of the case may require and to equity may appertain, to the party damnified by such injunction, and may award execution to collect the same. Thus it is seen that this enactment has conferred upon the chancellor enlarged powers, and has materially changed the practice on the dissolution of an injunction.

The legislature no doubt designed to give a more expeditious, cheaper and equally as efficacious a mode of assessing damages sustained for the wrongful suing out of injunctions; and it must have been intended to confine the assessment of damages to that mode. The right to have them so assessed existed when the bond in this case was executed. When the condition was inserted that Russell should prosecute his suit with effect, or should pay all such damages as might be awarded against him for a failure, it would seem that the condition was intended to refer to the awarding of damages at the time he failed to prosecute the suit with effect. This is the natural import of the language, and the court having ample power to make such assessment, the condition of the bond must be held to refer to such, and not to an assessment in a suit on the bond. This is a fair and reasonable construction of the language of the bond. If the condition had been different, then it would no doubt be otherwise.

In the case of *Roberts* v. *Fahs*, 36 Ill. 268, it was said, since the statute of 1861 has been adopted, the true measure of damages under such a breach, was the judgment enjoined, with interest and costs, and such damages as might be assessed on the dissolution of the injunction.

In the case of *Phelps* v. *Foster*, 18 Ill. 309, it was held, that it was error to assess damages on the dissolution of an injunction restraining the sale of goods, thus rendering it necessary to prove the damages sustained, on the trial of the suit on the injunction bond; and it was so held in *Hibbard* v. *McKindley*, *supra*. Those cases were, however, before the adoption of the

act of 1861, and hence have no controlling effect upon this case. Inasmuch as the defendants in error failed to claim and have their damages assessed, as the condition of their bond required, when Russell failed to prosecute his suit with effect, which occurred when the suit was dismissed, they have no right, under the bond and this statute, to have damages assessed in the suit on the bond. And the judgment must be reversed and the cause remanded.

*Judgment reversed.*