## Case No. 3,695.

### DEAKIN v. LEA et al.

[11 Biss. 27.] [1]

Circuit Court, N. D. Illinois.   Dec. Term, 1879.

REMOVAL OF CAUSES — WHEN ONE PARTY IS A FOREIGNER—REMANDING CAUSE—EFFECT OF ENTERING LIMITED APPEARANCE IN STATE COURT —WHEN CAUSE WILL BE REMANDED—DAMAGES ON INJUNCTION BOND—WHEN AWARDED.

1. If a citizen of a foreign country brings suit in a state court against a citizen of the state, the latter may remove the cause to the federal court under the first clause of section 2 of the act of 1875 [18 Stat. 470].

2. But the last clause of section 2 of the act of 1875 authorizes removal only in suits between citizens of different states, and does not apply to foreigners.

3. Where a subject of Great Britain brought suit in the state court upon a joint and several bond, against a citizen of the state of Illinois and two other subjects of Great Britain; and the citizen of Illinois entered his general appearance in the state court and the two defendants subjects of Great Britain, no service being had, entered their appearance by counsel, in the state court, solely for the purpose of petitioning for a removal of the cause; and thereupon all three defendants did petition for removal, and removal was had, it was *held* that as the bond was executed in a suit in, and under the order of this court the federal court would retain jurisdiction, and would not remand the cause.

4. If a suit has been removed from the state to the federal court it will not be remanded unless it appears to the satisfaction of the court that it has no jurisdiction.

5. Whether a suit can be maintained upon an injunction bond given in the federal court under a general order of the court, conditioned "to pay all damages and costs that may be awarded * * * upon the dissolution of said injunction," when no damages were awarded by the court at the time of the dissolution, in the light of the statutes of Illinois and the decision of the United States supreme court in Bein v. Heath, 12 How. [53 U. S.] 168, discussed but not decided.

6. In such case however if the state court would be compelled under the statutes to sustain the suit, the federal court ought to be bound by the same rule.

C. E. Pope, for plaintiff.
Henry T. Rogers, for defendants.

DRUMMOND, Circuit Judge.   Frank Deakin, a subject of the queen of Great Britain and Ireland, brought a suit in the state court on a bond, against Charles W. Lea, James D. Perrins, also subjects of the same sovereign, and John Crerar, a citizen of the state of Illi-

---

nois. The bond was executed in August, 1878, and was given under an order entered in a suit pending in this court, where Lea and Perrins were plaintiffs, and Deakin was defendant [see Case No. 8,154 and 13 Fed. 574], and in consequence of the continuance of an injunction which had been issued by this court against the defendant. The defendant having made application to the court for further security upon the continuance of the injunction, the bond in controversy in this case was given in the penalty of five thousand dollars. The order of the court was simply that a bond should be given by the plaintiffs, with security to be approved by the court. Neither the form nor the condition of the bond was prescribed by the court in its order. The condition of the bond which was actually given was as follows: that the obligors "shall well and truly pay, or cause to be paid to the said Frank Deakin or his assigns all damages and costs that shall be awarded against said Lea and Perrins, complainants, and in favor of said defendant Frank Deakin upon the trial or final hearing of the said cause or upon the dissolution of said injunction by reason of the wrongful or improper issuance of the same."

Crerar entered his general appearance in the state court. Lea and Perrins, by their council, entered an appearance in the state court, as they said, solely for the purpose of petitioning the court for the removal of the cause to this court; and thereupon Crerar filed a demurrer to the declaration in the case, and then all the defendants joined in the petition for the removal of the cause to this court; and they all executed the bond required by law in cases of removal. Under these circumstances, the case came into this court and is now pending here.

An application is now made by the plaintiff in the cause to remand it to the state court on the ground that this court has no jurisdiction. The jurisdiction of this cause must be sustained on one of two grounds; either because of the citizenship of the parties, or on account of the subject matter in controversy. If this suit be considered as an action against Crerar only, and that Lea and Perrins have simply joined him for the purpose of removing the suit to this court, and are not in court for any other purpose, then there can be no doubt that this court would have jurisdiction of the case; for if it had been a suit against him alone, without naming Lea and Perrins, he undoubtedly could have removed the cause to this court under the second section of the act of 1875.

It is claimed now by the counsel of the defendants that the only object of Lea and Perrins was to remove the suit to this court, and that they did not enter their appearance for any other purpose; and that there was, therefore, no general appearance so as to make them subject personally to the jurisdiction of the court. There may be some doubt whether what they have done does not constitute a general appearance in the cause, and whether it is necessary for them to appear, by pleading or otherwise, in order to give this court complete jurisdiction of their persons; but as there may be a doubt as to what is the effect of the action on the part of Lea and Perrins, I do not feel inclined on that account to send the case back to the state court, and particularly when the bond in this case is a several as well as a joint bond, and each party is severally liable for the whole amount of the damages which may be recovered upon it. It is undoubtedly true, however, that the last clause of the second section of the act of 1875 does not provide for a case where there is a separate controversy between a subject of a foreign government and a citizen of one of the United States, but only to a controversy between citizens of different states, and where the suit is sought to be removed by one or more of the plaintiffs or defendants.

Then in relation to the subject matter of the controversy.

The language of the fifth section of the act of 1875 is, if in any suit removed from a state court to the circuit court of the United States it shall appear to the satisfaction of said circuit court after the removal of the cause, that such suit does not really and substantially involve a controversy within the jurisdiction of the said circuit court, then it shall proceed no further in the suit, but shall remand it to the court from which it was removed; so that it has to appear to the satisfaction of the court that it has no jurisdiction of the cause before it can be sent back to the state court. There is some difficulty, I think, in this question. This action is on a bond executed for the benefit of the defendant in the former suit, in consequence of the order of this court. It may be that the bond was not strictly in compliance with the order. It was nevertheless a bond executed because the order of the court was made, and in a suit pending in this court, and was, therefore, an instrument growing out of a controversy in this court, and I am not clear that this court has not jurisdiction of the case on account of the subject matter in controversy here.

The condition of this bond is not in precise conformity with the practice of this court in injunction bonds. At the same time, as I have said, the object of the court and of the parties it is to be presumed, was to give indemnity to the defendant in the cause. I am inclined to think that prior to the passage of the act of 1861 in this state this bond would have been a valid bond, upon which an action would have been maintainable in the courts of this state under the last clause of the condition, "to pay all damages and costs that may be awarded * * * upon the dissolution of said injunction."

There are various decisions of the courts of this state, prior to the passage of the act of 1861, in which it was decided that where

language like this was used, viz: "all damages and costs that may be awarded in case of the dissolution of the injunction," it was not necessary that the damages should be awarded by the court in which the cause was pending and in which the bond was given (Ryan v. Anderson, 25 Ill. 372; Hibbard v. McKindley, 28 Ill. 240; Brown v. Gorton, 31 Ill. 417; Edwards v. Edwards, Id. 478; Phelps v. Foster, 18 Ill. 309; Russell v. Rogers, 56 Ill. 176), and that it might properly refer to the case of damages awarded where a suit was brought upon the bond; and it seems to me where they have held otherwise, as they have in some cases since, it was because of the effect given to the act of 1861, by which it was competent for the party, where the injunction was dissolved, to ask the court to assess the damages which he had sustained in consequence of the issuing of the injunction; and since the act of 1874 and the proviso contained therein (Rev. St. Ill. c. 69, § 12) that a failure to assess damages shall not operate as a bar to an action on the bond, and which seems to have been passed in order to meet some of the decisions of the supreme court of this state, it may be, I think, a very questionable matter whether or not, if this bond had been filed in a case in the state court, it would not have been a valid bond, and the breach would not have been complete if there had been damages sustained, although the court did not award any damages upon the dissolution of the injunction. Of course, it is to be understood that the order for the dissolution of the injunction which was issued and during the pendency of which the bond was given, was made by this court.

I think it proper to state that at the time of a consultation between Judge Blodgett and myself as to the effect of the decision of the supreme court of the United States in Bein v. Heath, 12 How. [53 U. S.] 168 (when suits on some of these bonds were pending before him), I was not aware of the proviso in the act of 1874, and I am not now prepared to say how far that fact, if it had been brought to my knowledge, would have modified my opinion as to the effect of the case of Bein v. Heath. At any rate, I am inclined to think, in view of what the supreme court of the United States said in that opinion that it may become a very serious question whether this might not be a valid bond, by virtue of the proviso in the act of 1874, notwithstanding that case, and I should very much like to have the opinion of the supreme court taken upon the order by which as I understand the demurrer was sustained in those cases and the suits dismissed. In the consultation which Judge Blodgett and I had upon that case, before he called my attention to Bein v. Heath, I stated to him I thought that, as at the time this bond was executed it must be presumed that the parties were aware that the court in which the case was pending could not assess any damges, we must also presume that it was contemplated that the damages sustained were to be assessed in an independent suit brought upon the bond; but when the case of Bein v. Heath was examined, it seemed as though there could not well be any escape from the effect of that decision, and that it necessarily ruled the cases then pending before Judge Blodgett.

If this case is sent back to the state court, we must presume that the decision would be such as this court or the supreme court of the United States would render. The only ground upon which it can be claimed that there might be a difference is, as I understand, because it may be presumed that the bond was given under the law of this state, and under the statutes which would apply to it, and therefore that a decision of the state court would be upon a statute of the state, and therefore, it would be bound to give effect to the proviso of the act of 1874. It would only do that upon the ground that it was effectual and binding in a case pending in the federal courts, and if binding here, it ought to be so ruled by this court as well as by the state court.

On the whole I am inclined to retain jurisdiction of the case in this court, and shall, therefore, overrule the motion to remand.

See, also, the succeeding case of Deakin v. Lea [Case No. 3,696].