## David S. Dempster v. Killian V. R. Lansingh et al. V. R. Lansingh et al., Appellants, v. Sara B. Dempster et al., Appellees.

## Gen. No. 15,966.

1.  ABATEMENT—*what actions do not survive.*   A cause of action created by statute does not survive unless declared to do so by the statute itself or unless provision is made by some other statute for such survival.

2.  ABATEMENT—*what actions do not survive.*   A proceeding to assess damages upon the dissolution of an injunction, does not sur-

vive either in favor of the representatives of the party moving for the assessment or against the executors of the parties against whom the assessment is sought.

Appeal from the Circuit Court of Cook county; the HON. LOCKWOOD HONORE, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1909.    Affirmed.    Opinion filed November 28, 1911.

ROBERT F. PETTIBONE and WILLIAM S. FREEMAN, for appellants.

CANNON & POAGE, for appellees; E. M. ASHCRAFT, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

In this case it appears that David S. Dempster in his lifetime wrongfully instituted an action by bill in chancery against K. V. R. Lansingh and others, and without ground therefor, wrongfully and without notice, procured a writ of injunction to be issued; that the bill was dismissed for want of equity by the Circuit Court, and that the decree so dismissing the bill has been affirmed by this court and by the Supreme Court of this state.    It also appears that the injunction was dissolved in the lifetime of Lansingh and Dempster; that damages were assessed on suggestion by the Circuit Court; that the action of the Circuit Court was affirmed in this court (128 Ill. App. 388); that the judgment of this court was reversed by the Supreme Court (234 Ill. 381).    Pending the appeal from the Appellate Court to the Supreme Court, Dempster died, and the appeal was prosecuted by his executors, who are appellees here.    The Supreme Court found that the attorneys' fees allowed were too large, and reversed this court and the Circuit Court on that ground.    Before the case was reinstated in the Circuit Court Lansingh died.    His executors, the appellants here, made a motion in the Circuit Court, based upon affidavits, to be substituted as parties in place of Lansingh, deceased.    The chancellor held that the right to have

damages assessed did not survive against the executors of Dempster or in favor of the executors of Lansingh, and entered a decree in abatement.

By section 122 of chapter 3 of Revised Statutes it is provided that in addition to the actions which survive by the common law the following shall also survive: Actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property, or for the detention or conversion of personal property, and actions against officers for misfeasance, malfeasance or nonfeasance of themselves or their deputies, and all actions for fraud or deceit.

It is clear that the action for damages for the wrongful suing out of a writ of injunction does not come within any of the enumerated actions in this statute. It cannot be said to belong to that class of actions which survived by the common law, for the reason that at common law damages on the dissolution of an injunction were not recoverable. The only remedy, prior to the enactment of the statute hereinafter mentioned, to which the injured party could resort was his remedy on the bond given upon the obtaining of the injunction. Phelps et al. v. Foster et al., 18 Ill. 309; Gorton v. Brown, 27 Ill. 488.

In 1861, after the rendition of the foregoing decisions, the present statute was enacted. This statute provides that the court upon "the party claiming damages by reason of such injunction, suggesting in writing the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case may require and to equity appertain, to the party damnified by such injunction, and may award execution to collect the same, provided a failure to so assess damages shall not operate as a bar to an action on the injunction bond." This statute creates a new right, but there is nothing in it to indicate that it was the intention of the Legislature that in the event of the

death of the person injured the right so created should inure to the benefit of his estate, or that the estate of the person committing the wrongful act should after his death be liable in damages, provision for the assessment of which is made in the act. A cause of action created by statute does not survive unless declared to do so by the statute itself or unless provision is made by some other statute for such survival. Turney v. Smith et al., 14 Ill. 241; Hitt, Adm'r, v. Scammon, 82 Ill. 519; Selden v. Ill. Trust & Savings Bank, 239 Ill. 67.

Counsel for appellants insist that the estate which they represent was diminished in the amount that the testator, Lansingh, was obliged to pay as costs and attorneys' fees in obtaining a dissolution of the injunction, and that therefore, under the authority of North Chicago St. R. R. Co. v. Ackley, 171 Ill. 100, the action survives. We do not think that such a conclusion can be drawn from the case cited. In a later case the Supreme Court has defined with more fullness what is meant by the term ''personal property'' as used in the statute providing for the survival of actions.

In Jones v. Barmm, Admx., 217 Ill. 381, it is said:

''If the case comes under any provision of the statute it must be the one with reference to actions to recover damages for an injury to personal property. Taking into consideration the well known meaning of the term 'personal property' and the connection in which it is used in the statute, we are of the opinion that it was not the intention of the legislature that it should be applied to the right of action occasioned by the malicious interfering by one person with the business of another, but was intended to apply only to actions for damages to tangible articles and things movable—to chattels, as distinguished from actions for damages to one's business.''

It is further insisted by the appellants that because the proceeding is not in form *ex delicto* it ought to be held by the court that a recovery can be had on an implied *assumpsit*. It would seem to be a sufficient answer to this contention, however, to say that if there could be said to have been a promise, express or implied, on the part of Dempster in his lifetime to pay these damages, then such action would by the common law survive, but, so to hold would be to reverse in principle Phelps v. Foster, and Gorton v. Brown, *supra*.

In Schreiber v. Sharpless, 110 U. S. 76, it is said:
"The right to proceed against the representatives of a deceased person depends not on forms and mode of proceedings in a suit, but on the nature of the cause of action for which the suit is brought * * * Whether an action survives depends on the substance of the cause of action, not on the forms of proceedings to enforce it."

See also Patton v. Brady, Executrix, 184 U. S. 608.

It is said further by the appellants that because the executors of Dempster caused themselves to be substituted as appellees in the case, they should, under the rules of equity, be compellel to do equity, and that in order to do equity they should pay to the appellants, representatives of the estate of Lansingh, the damages which Lansingh may be found to have sustained because of the wrongful suing out of the injunction. We think the contention is sufficiently answered by the reasoning in Schreiber v. Sharpless, *supra*. But even if the contention were admitted, there would still be left in the case the objection that the right of Lansingh to maintain a suit for damages was not a right which passed to his representatives on his decease.

Our conclusion is that the decree entered by the Circuit Court was proper, and it will therefore be affirmed.

*Decree affirmed.*