Charles W. Gindele, Executor of the Estate of Emma Gindele, Deceased, and Frank C. Conover, Plaintiffs in Error, v. Charles M. Conlon, Defendant in Error.

## Gen. No. 21,566.

1. ABATEMENT AND REVIVAL, — *when proceeding to assess damages on dissolution of injunction does not survive.* Neither at common law nor under the statute (J. & A. ¶ 172) does a proceeding to assess damages upon the dissolution of an injunction survive either in favor of the parties moving for the assessment or against the executors of the parties against whom the assessment is sought.

2. ABATEMENT AND REVIVAL, — *when suggestion of death made too late.* On a proceeding to assess damages on the dissolution of an injunction in which a decree has been entered and an appeal prayed and allowed, and the record in which contains nothing to show that either of the complainants in the injunction suit died before the entry of the decree, but which fact only appears by an incidental affidavit of counsel on a motion to vacate the decree, counsel cannot be heard, on a writ of error to reverse the judgment in the proceeding for damages, to contradict the representations which they, by their appearance for complainants in the trial, assumedly made to the trial court as to the complainants being alive.

3. APPEAL AND ERROR, § 615*—*when parties to writ of error must be same as parties to decree complained of.* The parties to a writ of error must be the same as the parties to the decree in the trial court which it is sought to reverse.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Gindele et al. v. Conlon, 198 Ill. App. 488.

Error to the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the October term, 1915. Writ dismissed. Opinion filed April 10, 1916. Rehearing denied April 24, 1916.

ADAMS, FOLLANSBEE, HAWLEY & SHOREY, for plaintiffs in error; MITCHELL D. FOLLANSBEE and FRED BARTH, of counsel.

HARRY A. BIOSSAT, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The writ of error sued out in this case seeks a reversal of the decree awarding damages on the dissolution of an injunction granted in the case of Emma Gindele and George A. Gindele, complainants, against Charles M. Conlon and others, defendants, in favor of the defendant Charles M. Conlon. The bill was filed on August 20, 1914, and the injunction dissolved and the bill dismissed on the motion of complainants on February 9, 1915, and on March 29, 1915, a decree was entered awarding damages in the sum of $613.27 in favor of the defendant Charles M. Conlon and against complainants for the wrongful issuance of said injunction. From this decree complainants prayed and were allowed an appeal to this court. On April 17, 1915, complainants made a motion to vacate the decree, which was denied on the 19th of April thereafter. Defendant in error now moves to dismiss the writ of error and, contending that no other questions are pertinent for discussion upon the record in the case, declines to argue the contentions of plaintiffs in error urged in their brief and argument for a reversal.

We see no way to disagree with the defendant in error in his suggestion that the writ of error be dismissed. We are not unmindful that a proceeding to assess damages upon the dissolution of an injunction does not survive either in favor of the representatives

of the parties moving for the assessment or against the executors of the parties against whom the assessment is sought. *Phelps v. Foster,* 18 Ill. 309; *Gorton v. Brown,* 27 Ill. 489. Such an action does not survive under section 122, ch. 3, Rev. St. (J. & A. ¶ 172). Neither does any such action survive by the common law. *Dempster v. Lansingh,* 166 Ill. App. 261.

In the condition of this case the remedy is on the injunction bond, where appropriate defenses may be interposed if there are any. Were plaintiffs in error in a position to invoke in their favor the law above cited, viz., that the right to an assessment of damages for the dissolution of an injunction does not survive, they must succeed; but they are not in such position. There is nothing in this record to show that prior to the decree sought to be reversed either of the complainants, George A. Gindele or Emma Gindele, was dead. It was only after the decree was entered and appealed from and an appeal prayed and allowed that complainants moved to vacate the decree and, incidentally, by an affidavit of one of their counsel, denoted the fact that Emma Gindele is dead and that she died November 23, 1914. If the Gindeles were dead at the time the decree was entered, then counsel had no authority to appear for them. The death of the Gindeles revoked the authority of their counsel.

In the condition of this record we cannot assume that either of the Gindeles was dead at the time the decree involved in this writ of error was entered. That counsel were appearing for them led to the assumption that they were in life, and in the verity of that assumption the decree was entered. Neither can we straighten out the tangle in this proceeding resulting from the actions of counsel in allowing the cause to proceed to a decree without suggesting the death of their clients and by such actions causing the court to assume that their clients were still in life. They cannot in this proceeding be heard in contradiction of the represen-

tations which they by their appearance for complainants in the trial assumedly made to the trial judge and which eventuated in the decree complained about. Whatever the fact may be, the record before us shows affirmatively that the Gindeles were alive at the time the decree was entered. That record only is before us for review and we cannot *dehors* that record assume that they are dead. Furthermore, the parties to this writ of error, as appears from the record, are not the same as the parties to the decree in the trial court. This violates the well-settled rule of practice in this State that they must be. *Wuerzburger v. Wuerzburger*, 221 Ill. 277.

For the reasons above given we are of the opinion the writ of error was improvidently sued out and that the motion to dismiss must be sustained.

The writ of error is accordingly dismissed.

*Writ dismissed.*