Theodore Fedorchak, Appellant, v. Paul V. Jeffers and Edward C. Jeffers, Trading as Jeffers Coal Company, Appellee.

Gen. No. 38,662.

Opinion filed December 9, 1936.  Rehearing denied December 28, 1936.

JACOB LEVY, of Chicago, for appellant; EDWARD MC-TIERNAN, of Chicago, of counsel.

EARL W. STEWART, of Chicago, for appellee; CLYDE C. FISHER, of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

The proceeding pending in this court is an appeal by the plaintiff from a decree entered on June 25, 1935, assessing damages sustained by the defendant Edward C. Jeffers by the granting of a temporary injunction, which was set aside by a decree entered on June 30, 1933.

The motion of the defendant to strike from the record the Report of Proceedings, beginning at page 58 of the record and ending on page 175, was reserved to the hearing. The ground for this motion was that the report of the proceedings was not approved by the chancellor and filed within 60 days from July 13, 1935, the date of the filing of the Notice of Appeal, nor was any order of the court entered within said 60 days. This court has passed upon a like question in the case of *Croft v. Pearsons*, 283 Ill. App. 636 (Abst.), where we said:

"Where plaintiff stipulated with defendants that the original bill of exceptions, in lieu of a copy thereof might be used by the clerk of the trial court in preparing the transcript of the record for the Appellate Court, plaintiff by this stipulation was estopped to say that the bill of exceptions was not signed, sealed and filed in due time." Citing in support thereof the cases of

*Berz v. McCartney,* 115 Ill. App. 66, *Lederbrand v. Pickrell,* 167 Ill. 624, and *Northwest Park District v. Hedenberg,* 267 Ill. 588.

The rule we have enunciated in that case is controlling, and the motion is denied for the reason that the parties stipulated that the report of the proceedings might be incorporated in the record in lieu of a copy, and used by the clerk of the trial court in preparing the transcript of the record in this court.

The bill for injunction was filed by the plaintiff on May 2, 1930, wherein he stated he was a resident of Chicago and the owner in fee simple of the premises known as Lot 17, etc., and also known as 2348 N. Seeley avenue, Chicago, improved with a three-story flat building, occupied by three families; that the plaintiff and his family lived on the first floor of the building, which was located in a region devoted exclusively to residential purposes and that the premises owned by the defendants were known as Lot 18, and were unimproved and vacant; that the defendants were in the business of dealing in coal and were conducting a coal yard on the premises in the rear of plaintiff's premises; that the defendants had made plans and threatened to erect on the lot adjacent to the plaintiff's lot a coal yard and to store, handle, receive and unload and load coal upon trucks, and to place on said vacant lot mechanical devices for the loading and unloading of coal. The plaintiff prayed for an injunction to restrain the defendants from erecting any building on said premises for the purpose of operating a coal yard.

Thereafter, the defendants filed their appearance and answer to the bill, and on July 3, 1930, an order for a temporary injunction was issued by the court to restrain the defendants from using or occupying the premises known as Lot 18, etc., for the purpose of a coal yard and from erecting any building and from

installing any machinery or mechanical devices to be used in connection with this business.

The cause was referred to a master in chancery of the court and was heard on its merits before a decree was entered dissolving the injunction. A decree was entered on June 30, 1933, dismissing the bill of complaint and supplemental bill of complaint for want of equity, and on February 23, 1934, a suggestion of damages was filed, and upon consideration of the suggestion, a decree was entered on June 25, 1935, awarding damages to Edward C. Jeffers in the sum of $132.50 for demurrage charges, and the sum of $300 as attorney's fees for the procuring of the dissolution of the injunction.

The defendants made parties to the bill were Paul V. Jeffers and Edward C. Jeffers, co-partners. On July 1, 1932, the death of Paul V. Jeffers was suggested. After the decree was entered the surviving partner, upon his suggestion of damages, was allowed the amount stated above.

It is suggested by the plaintiff that the surviving defendant, Edward C. Jeffers, is not entitled to any damages by reason of the temporary injunction on the ground that a proceeding to assess damages upon the dissolution of a temporary injunction does not survive, and in support of this contention cites the case of *Gindele v. Conlon,* 198 Ill. App. 488, wherein the court said: "We are not unmindful that a proceeding to assess damages upon the dissolution of an injunction does not survive either in favor of the representatives of the parties moving for the assessment or against the executors of the parties against whom the assessment is sought. *Phelps v. Foster,* 18 Ill. 309; *Gorton v. Brown,* 27 Ill. 489. Such an action does not survive under section 122, ch. 3, Rev. St. (J. & A. par. 172). Neither does any such action survive by the common law. *Dempster v. Lansingh,* 166 Ill. App. 261.''

Sec. 123, ch. 3 of the Administration of Estates Act, Ill. State Bar Stats. 1935, ¶ 125, provides as follows:

"In addition to the actions which survive by the common law, the following shall also survive: Actions of replevin, actions to recover damages for an injury to the person, (except slander and libel), actions to recover damages for an injury to real or personal property, or for the detention or conversion of personal property, and actions against officers for misfeasance, malfeasance or nonfeasance of themselves or their deputies, and all actions for fraud or deceit."

It is clear from this provision that an action for the assessment of damages upon the dissolution of an injunction does not survive, and it follows in the instant case that the court erred in entering the decretal order dated June 25, 1935, allowing the surviving defendant Edward C. Jeffers damages sustained by the defendants Paul V. Jeffers and Edward C. Jeffers, co-partners, as a result of the issuance of the temporary injunction.

For the reasons stated the decretal order of June 25, 1935, is reversed.

*Decretal order of June 25, 1935, reversed.*

Denis E. Sullivan, P. J., and Hall, J., concur.