AURELLIA J. FLEENER, Plaintiff and Counterdefendant-Appellee, v. IVAN J. FLEENER, Defendant and Counterplaintiff-Appellant.

(No. 70-28; ▬)

Third District—November 13, 1970.

James D. Reynolds, of Peoria, for appellant.

Theodore Korb and Bernard J. Ghiglieri, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Ivan Fleener, has appealed from a decree of divorce entered in the Circuit Court of Peoria County in favor of plaintiff, Aurellia Fleener.

Plaintiff and defendant were married in 1940 and lived together as husband and wife until December, 1967. Two children were born of the marriage but were married and had families of their own at the time of this proceeding.

In January, 1968, plaintiff filed her complaint for separate maintenance together with a petition for temporary support and attorney's fees. Defendant filed an answer, counterclaim for divorce and motion for hearing under Section 16, Chap. 40, Ill. Rev. Stat. 1967, to determine whether he could probably sustain the charges of his counterclaim as a defense to plaintiff's claim for temporary support. Several hearings were held on the matter of temporary support and on April 3, 1968, petition therefore was denied.

After other pre-trial procedures the case was set for trial on its merits for June 24, 1969. Pursuant to leave granted by the trial court, plaintiff filed an amended complaint seeking a divorce based on defendant's alleged mental cruelty. Hearings were held on June 24 and 25, 1969, during which hearings the defendant was called by plaintiff to testify as an adverse witness under Section 60. Plaintiff also testified in her own behalf but during her cross-examination the court on its own motion continued the hearing until September 9, 1969. In the latter part of July, 1969, defendant's attorney learning of unfavorable comments made about him by defendant requested that his employment be terminated by defendant which was done. Defendant then engaged the services of another attorney who after conferring with defendant in late July and early August, 1969, filed a motion for the production of records, hearing on said motion being set for August 19, 1969. Although the record is not completely clear on what transpired on August 19, 1969, it does appear that settlement negotiations took place on that date. The dispute between the parties was not resolved in all respects but it does appear that during a meeting between counsel for each party and the trial judge in his chambers each party rested so far as the presentation of further evidence was concerned. From testimony presented at the hearing on defendant's motion to vacate the divorce decree it appears that after the conference in chambers at which each party rested, counsel then returned to the court room and in open court made arguments in behalf of their respective clients dealing primarily with a settlement of property rights and alimony. It does not appear that any record was made of such arguments but decision was taken under advisement on that date.

On September 16, 1969, the trial court forwarded a memorandum of its decision to counsel for each party suggesting guidelines for the drafting of a decree. The memorandum provided for the entry of a decree of divorce in favor of plaintiff, for an adjustment of property rights, for the payment of attorney's fees by defendant and for the payment of alimony by defendant in the amount of 35 percent of his net salary. On October 3, 1969, a further conference was held and thereafter a decree was prepared, was approved by counsel for each party and entered on October 16, 1969.

At about the time of the entry of the decree defendant discharged his attorney and engaged the services of another attorney who, shortly after the entry of the decree, filed a motion to reopen the proceedings.

Such motion sought to reopen the proceedings for the purpose of permitting defendant to present additional evidence and was considered by the court as a motion to vacate the decree. The first seven paragraphs of the motion generally described chronologically the history of the proceeding as heretofore set forth. In paragraph eight of the motion defendant alleged "* * * he was not a party to any of the discussions held on the 19th day of August, 1969, in Chambers * * * that he at no time authorized * * *" his attorney "* * * to waive his legal rights to present evidence in rebuttal of Plaintiff's Complaint or on the Counter Complaint." The paragraph further alleged in substance that the action of the defendant's attorney in resting the case constituted gross negligence, was not for the best interest of the defendant and generally constituted incompetence.

Defendant's request for a change of venue was denied and hearing was set and held on defendant's motion. Defendant's motion was denied, the court holding that the allegations of defendant in paragraph eight of his motion were not true.

■■ Plaintiff appellee has filed in this court a motion to dismiss the appeal for the reason that the transcript of the testimony was not certified by the trial judge as required by Supreme Court Rule 323. (Ill. Rev. Stat. 1967, Chap. 110A, Sec. 323.) Decision on such motion was taken with the case. Appellant argues that counsel for plaintiff agreed to waive certification of the transcript but the trial court concluded otherwise. We find it unnecessary to decide this issue because subsequent to the filing of the record in this court plaintiff appellee also moved in this court for leave to file an amended complaint to conform the complaint to the evidence. By agreement parties may waive certification. Supreme Court Rule 323, Subsection (b), *Fedorchak v. Jeffers*, 287 Ill.App. 457, 5 N.E.2d 267. Waiver may be equally inferable from the conduct of the parties. By seeking in this court leave to amend her complaint the plaintiff is

relying upon the transcript of testimony to justify such amendment. Under such circumstances the plaintiff cannot be heard to question the irregularity of the certification procedure and accordingly her motion to dismiss the appeal is denied.

On appeal defendant in addition to arguing the trial court erred in denying his motion to reopen the proceedings heretofore referred to, argues the complaint fails to state a cause of action and the decree entered pursuant thereto is a nullity. Further defendant argues the conclusion of the trial court that the defendant was guilty of mental cruelty is contrary to the manifest weight of the evidence.

Subsequent to the decision of the trial court, another division of this court decided *Stanard v. Stanard,* 108 Ill.App.2d 240, 247 N.E.2d 438. In the *Stanard* opinion the court concluded the plaintiff was required when charging mental cruelty to allege and prove that the acts and conduct of the defendant were without provocation on the part of plaintiff. An allegation of lack of provocation was, according to the court in *Stanard,* an essential allegation of the cause of action. Absent such an allegation the complaint fails to state a cause of action and therefore the court concluded that the trial court was without jurisdiction to enter a decree.

■■ Because of the *Stanard* decision and the defendant's reliance thereon, plaintiff moved for leave to file an amended complaint to conform the complaint to the evidence. She sought leave to add to her complaint the allegation that the acts and conduct complained of were without her provocation. Additionally plaintiff argues that the *Stanard* case can and ought to be distinguished from the case at bar and alternatively that the conclusion of the court in *Stanard* is erroneous.

Supreme Court Rule 362, (Ill. Rev. Stat. 1967, Chap. 110A, Subsection 362) (Amendments of Pleadings and Process in the Reviewing Courts) provides "(b) Showing Necessary. The application, and the affidavit in support thereof, must show the amendment to be necessary, that no prejudice will result to the adverse party if the amendment sought is permitted, and that the issues sought to be raised by the amendment are supported by the facts in the record on appeal * * *." According to defendant, allowance of the amendment would be prejudicial relying on *Wynland Tool & Mfg. Co. v. Whitney,* 100 Ill.App.2d 116, 241 N.E.2d 533. The aforementioned case is inapplicable to the case at bar since in such case a counterclaimant sought to amend his counterclaim in the Appellate Court by asking for reasonable attorney's fees. The Court in the *Wynland* case concluded that the introduction of such an issue was prejudicial.

The only prejudice described by defendant is that the amendment

would thwart his desire for a reversal of the decree. Defendant's argument appears to be that amendments on appeal ought not to be permitted since they might deprive appellant of the benefit of a perfectly good error. The rule is clear in this regard namely it is prejudice to a party which ought to preclude amendment. Plaintiff's contention that the complaint fails to state a cause of action was not made in the trial court and although courts of review have considered such assignments of error when made for the first time in a court of review if the error may be obviated without prejudice the ends of justice are better served by permitting the amendment.

In the case at bar defendant not only denied allegations regarding mental cruelty but also filed a counterclaim seeking a divorce on the same ground, mental cruelty. Neither the complaint nor the counterclaim specifically mentioned provocation or lack thereof. From a recriminatory nature of the issues raised and the evidence adduced in support thereof there is ample evidence from which it may be inferred that defendant's conduct was unprovoked by plaintiff. Accordingly the motion for leave to file an amended complaint is granted and such amended complaint is deemed filed.

Without detailing the evidence it is our view that there is evidence of defendant's unprovoked neglect and marital infidelity together with its resulting effect upon plaintiff. Indeed it does not appear that the defendant questioned the sufficiency of the evidence in the trial court and even on appeal argues that on the basis of the testimony presented on June 24 and 25, 1969, the trial court had no alternative except to enter a decree in favor of plaintiff.

■■ This brings us to the argument of defendant regarding his motion to reopen the case for the presentation of further evidence. As indicated above, the trial court found that the operative allegation of the motion was not true and it is our opinion that such conclusion is supported by sufficient evidence.

At the hearing on the motion the principal testimony was that of the defendant and of the attorney representing him from the latter part of July until the middle of October, 1969. The hearing on August 19, 1969, had been scheduled on defendant's motion to produce documents. Both parties and their respective counsel were present in court on August 19. Conferences and negotiations took place for nearly two and one half hours apparently relating to finances since each party desired that a divorce be granted.

An attorney is bound to follow the instructions of his client and must act in accord with the authority conferred. (*Fessler v. Weiss*, 348 Ill.App. 21, 107 N.E.2d 795 and *Fitzgerald v. Powers*, 225 Ill.App. 118.) There is

no dispute concerning the foregoing rule but in applying the rule to the case at bar there is ample evidence from which it may be inferred that defendant's attorney was following defendant's instructions. Defendant seeks to bolster his argument by referring to incompetency of counsel. We are not aware that incompetency of counsel is an appropriate basis for the relief sought, that in any event there is an absence of any evidence from which it may be inferred that the attorney was incompetent or acted incompetently.

There is ample evidence, corroborated and confirmed in large measure by defendant's own testimony, that defendant was aware of and fully advised of the negotiations and events which took place on August 19. Defendant knew that the case was being submitted to the judge on the basis of the testimony presented at the June hearings, knew that no agreement concerning alimony had been concluded to be submitted to the judge for approval and knew that in all probability he would be required to pay alimony. As a consequence of the August 19 proceeding defendant expected that a divorce would be granted to his wife. That the defendant is dissatisfied with the result is not evidence that his attorney's actions were unauthorized.

Finding no error in the decree of the Circuit Court of Peoria County decree affirmed.

Decree affirmed.

RYAN, P. J., and ALLOY, J., concur.