Mary E. Lederbrand

*v.*

Arthur E. Pickrell *et al.*

*Announced orally at Springfield October 12, 1897.*

Appeals and errors—*failure to file certificate of evidence within rule is cured by stipulation.* Attorneys who have stipulated in writing upon an original certificate of evidence that it may be incorporated in the transcript of the record "in lieu of a copy, for the purposes of appeal," are estopped to object that such certificate was not filed with the clerk within the time allowed by the court.

Motion to strike certificate of evidence from record.

Mr. Justice Magruder announced the opinion of the court:

Motion is made in this case by appellees to strike the certificate of evidence from the record. On July 10, 1897, the court below made an order granting an appeal upon condition that bond should be filed, and also the certificate of evidence, within sixty days from July 10. It appears, that the certificate of evidence was presented to

the judge who tried the case and was signed and sealed on the 7th of September within the sixty days. But the certificate of evidence was not filed at all. The judge, who signed and sealed the certificate, was absent in a distant county, and the certificate was sent to him by express and signed. On the 20th of September it was presented to the clerk by the attorney with the request that it be filed *nunc pro tunc* as of the 7th day of September. The clerk refused to do that, and the attorney then stated that it was not necessary to file it at all. It is insisted that, inasmuch as the certificate was not filed within the sixty days, it ought to be stricken from the record. Without passing any opinion in this particular case upon the question as to whether or not the failure to file the certificate of evidence where it is signed and sealed by the court within the proper time authorizes a party to have it stricken from the record, we think that, for another reason, the attorneys who make this motion are estopped from objecting to the certificate of evidence on account of its not being filed in time. Appended to the certificate of evidence is this stipulation: "It is stipulated and agreed that the foregoing certificate of evidence shall be incorporated in the transcript of the record in the above cause in lieu of a copy, for the purposes of appeal." This stipulation was made after the expiration of the sixty days. We think that, by making this stipulation, counsel, who now make this motion, have recognized the validity of the certificate of evidence in spite of the fact that the clerk did not put his file-mark upon it within the sixty days. Having stipulated that it might go into the record—the original certificate in lieu of the copy—they are estopped from objecting that it was not filed in time. Accordingly, the motion to strike the certificate of evidence from the record is overruled.                    *Motion overruled.*