WILLIAM B. PORTER *et al.*

*v.*

THE PEOPLE *ex rel.* Samuel S. Greeley *et al.*

*Opinion filed October 16, 1899—Rehearing denied December 8, 1899.*

1. BILL OF EXCEPTIONS—*when bill becomes part of record.* A bill of exceptions, settled and signed within the time ordered, becomes part of the record though not filed with the clerk until later, where no time for filing was fixed by the court and the parties stipulated that it be filed.

2. QUO WARRANTO—*proceeding cannot be instituted without consent of Attorney General or State's attorney.* A *quo warranto* proceeding under section 1 of act entitled "Quo Warranto," (Rev. Stat. 1874, p. 787,) can only be instituted by the Attorney General, or the State's attorney of the county in which it is brought, and it cannot be maintained by private individuals without the consent of one of such officers or petition by one of them for leave to file the information, though private rights are involved and no other remedy available.

CARTER and BOGGS, JJ., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

W. F. STRUCKMANN, for appellants:

Informations in the nature of *quo warranto*, affecting public rights alone, cannot be brought by a private relator. *People* v. *Railway Co.* 88 Ill. 537; *Hesing* v. *Attorney General*, 104 id. 292; *Miller* v. *Palermo*, 12 Kan. 14; *Murphy* v. *Bank*, 20 Pa. St. 415; *Commonwealth* v. *Cluley*, 56 id. 270.

Only the State can complain of injury to the public or that public rights are being interfered with. *People* v. *Railway Co.* 88 Ill. 537; *Coquard* v. *Linseed Oil Co.* 171 id. 480.

All cases affecting private or individual rights only, and merely affecting the administration of the corporation, may be instituted upon private relation. The existence of any corporation is purely a matter of public right, and can be inquired into only upon the relation of a duly authorized public agent. *People* v. *Railway Co.* 88 Ill. 537; *People* v. *Palermo*, 12 Kan. 14; *Commonwealth* v. *Cluley*, 56

Pa. St. 270; *Commonwealth* v. *Swank,* 79 id. 156; *Murphy* v. *Bank,* 20 id. 415; *Robinson* v. *Jones,* 14 Fla. 256.

LOUIS M. GREELEY, for appellees:

The appellants were *de facto* officers by virtue of their election, exercising an office to which the power to levy taxes is incident. *Trumbo* v. *People,* 75 Ill. 561.

The relators have no remedy except by *quo warranto.* They cannot raise the illegality of the district as a defense, on an application for judgment of sale for taxes. *People* v. *Nelson,* 133 Ill. 565; *Aldis* v. *South Park Comrs.* 179 id. 424; *Trumbo* v. *People,* 75 id. 561.

Equity will not enjoin the collection of the taxes on the ground the district is illegal. *Renwick* v. *Hall,* 84 Ill. 162; *Keigwin* v. *Drainage Comrs.* 115 id. 347.

The court has declared that the remedy by *quo warranto,* in cases of this kind, is adequate, and has refused relief in equity on this ground. *Renwick* v. *Hall,* 84 Ill. 162; *Keigwin* v. *Drainage Comrs.* 115 id. 347.

The English Statute of Anne was especially designed to take away from the crown officers the right to control the initiation of proceedings of private *quo warranto* and vest such control wholly in the court. *Rex* v. *Wardroper,* 4 Burr, 1693; *Rex* v. *Trelawney,* 3 id. 1616; Cole's Crim. Inf. (Law Lib. vols. 556 and 557,) p. 125.

This statute for the first time made *quo warranto* a civil remedy for a private grievance. Before, it had been solely a prerogative remedy not obtainable by a subject. High on Ex. Legal Rem. (3d ed.) sec. 602.

Our own statute of *quo warranto* must also be deemed to have lodged in the court the sole discretion as to allowing or refusing the remedy in cases of private *quo warranto.* *People* v. *Railway Co.* 88 Ill. 537; *People* v. *Waite,* 70 id. 25.

A private *quo warranto* is deemed a mere civil remedy for a private grievance, and is criminal only in form. *People* v. *Shaw,* 13 Ill. 587; *Ensminger* v. *People,* 47 id. 384;

*Donnelly* v. *People,* 11 id. 552; *People* v. *Bruennemer,* 168 id. 482; High on Ex. Legal Rem. (3d ed.) sec. 621; *People* v. *Boyd,* 132 Ill. 60.

The remedy by private *quo warranto* is, of right, in favor of a relator having the requisite interest, and not precluded by his conduct from making objection. *People* v. *Railway Co.* 88 Ill. 537; *People* v. *Waite,* 70 id. 25; *Queen* v. *Justices of Surrey,* L. R. 5 Q. B. 466; *People* v. *Schnepp,* 179 Ill. 305.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an information in the nature of *quo warranto,* purporting to be by Charles S. Deneen, State's attorney of Cook county, upon the relation of Samuel S. Greeley and others, against William B. Porter and others, to oust them from the offices of the board of education of a joint high school district, embracing certain territory in townships 38 and 39, Cook county, Illinois. The petition is based upon the alleged illegality of the district because of irregularity in the proceedings for its formation and for want of authority of law to organize the same. It is alleged in the information that the defendants, assuming to act as such board of education, have levied a tax for the purposes of the district, the relators being residents and tax-payers within the district. To the information the respondents filed a general demurrer, which was overruled, and they declining to answer over, a judgment of ouster was entered against them. To reverse that judgment they prosecuted this appeal.

The petition for leave to file the information was in the name of the relators alone, it being alleged that the prosecuting attorney had arbitrarily and without reason, and for the purpose of preventing a proceeding inquiring into the legality of the formation of the district, refused to file such petition or to permit petitioners to commence or prosecute said proceeding in his name. Upon a rule to show cause why leave to file the information should

not be granted the prosecuting attorney appeared, and alleged that there was no jurisdiction in the court to permit the proceeding to continue in the name of the People at the instance of private relators, and that, as State's attorney, he did not consent to proceedings being conducted in his name, stating reasons for his so refusing, and supporting the same by affidavits, and asking that the order permitting the filing of the petition and for a rule to show cause why it should not be granted be vacated and the petition dismissed; but the court held "that said motion to dismiss the petition herein be and the same is hereby sustained as far as the rights of the People, only, are concerned, but so far as the private rights of the said relators are concerned, and in all other particulars, said motion is denied, but full jurisdiction of said petition and this proceeding is expressly and fully sustained, so far as may be necessary to enforce and protect the rights and interests of said petitioners, or any of them." To this ruling the State's attorney, in his own behalf and on behalf of the People, duly excepted.

The motion of the prosecuting attorney, the affidavits filed in support of it, and the rulings of the court thereon, appear in the record by bill of exceptions. Prior to submission of the cause a motion was entered by appellees in this court to strike that bill of exceptions from the files, the grounds of the motion being that it was not filed within the time allowed by the court below, and that the State's attorney was not a party to the proceeding, and therefore not entitled to file exceptions. On March 30, 1899, an order was entered allowing the State's attorney thirty days in which "to present and settle a bill of exceptions." It was settled and signed by the judge within that time. No order was made by the court as to the time within which it should be filed with the clerk. On May 9 following, the prosecuting attorney, for himself and the People, and the attorney for the relators, signed a stipulation for filing it, and within the stipulated time

it was filed, but it is now contended by counsel for the appellees, that, notwithstanding the stipulation, it was improperly so filed for want of an order of the court authorizing it. We do not think the right to deposit the bill of exceptions with the clerk to be filed depended upon the validity of the stipulation of counsel. It was filed after being settled and signed within the time fixed by the court. Neither the statute nor any order of the court required it to be filed in the clerk's office within a particular time, and we see no good reason for holding that it did not, when filed under these circumstances, become a proper part of the record. The record does show that the prosecuting attorney of Cook county, as the representative of the People, was a party to the information and the subsequent proceeding upon his motions, and entitled to file the exceptions shown by the bill in question. The motion to strike the bill of exceptions and the assignment of errors by the State's attorney from the record will be overruled.

The important preliminary question in this case is whether the petitioners were legally authorized to institute this proceeding in their own names without the consent of "the Attorney General or State's attorney of the proper county." The facts necessary to the presentation of this question do not depend upon the bill of exceptions alone. As before stated, it is shown by the petition that the prosecuting attorney did not consent to the filing of the petition, nor is it pretended that the Attorney General was ever applied to for that purpose, or that he in any way refused or declined to bring the same. It is said by counsel, that for the purpose of this suit we must consider the State's attorney as tacitly consenting to the use of his name in this proceeding, and yet the petitioners show and alleged in their petition that he did not so consent, but, as they say, arbitrarily and for insufficient reasons refused to do so. Considering the facts shown by the bill of exceptions, it appears that he so refused

because, upon a consideration of the whole case, he honestly regarded it as his official duty to do so. That, however, we do not regard as of controlling importance here. As we understand our statute a *quo warranto* proceeding under it can in no case be instituted except by the Attorney General of the State or the State's attorney of the county in which it is brought. In cases affecting the public right alone, either of these officers may present the petition of his own accord, or if private rights are also involved he can do so at the instance of any individual relator. (2 Starr & Cur.—1st ed.—chap. 112, sec. 1, p. 1871.) We said in *People ex rel.* v. *North Chicago Railway Co.* 88 Ill. 537, after quoting the language of that section: "There is nothing here that authorizes any one other than the Attorney General or State's attorney to present a petition for leave to file an information." To the same effect is High on Extraordinary Legal Remedies, sec. 697. That author also says (sec. 45): "Where, under the laws of a State, the Attorney General is empowered to determine in what cases proceedings by information in the nature of a *quo warranto* shall be instituted to try the title to any public office or franchise, he is regarded as vested with a discretion the exercise of which is in its nature a judicial act, over which the courts have no control; and when such officer has declined to institute proceedings to try the right to an office, *mandamus* does not lie to reverse his decision or to compel him to bring the action,"—citing *People* v. *Attorney General*, 22 Barb. 114. It is not enough, under our statutes, that the petition be presented by the Attorney General or State's attorney, but the same must be in the name of such officer, either upon his own motion or upon the relation of another. *People ex rel.* v. *North Chicago Railway Co. supra.*

It is argued by counsel for petitioners that they seek redress for a private injury, and therefore they should be allowed to prosecute the action in their own names, and it seems to have been held by the learned judge be-

low that for such purpose they may use the name of the State's attorney without his consent. The proceeding by information in the nature of a *quo warranto* does not lie except in cases where the public has an interest, and it does not follow because private rights may also be involved the public is not an interested party. On the contrary, it can readily be seen that in every case where the *quo warranto* statute is attempted to be used as a remedy, the public right is, to a greater or less extent, involved. Mr. High, in his work from which we have quoted above, at section 620 says: "To warrant a court in entertaining an information in the nature of a *quo warranto*, a case must be presented in which the public, in theory at least, have some interest; and it is not an appropriate remedy against persons alleged to have assumed a trust of a merely private nature, unconnected with the public interests,"—citing *People ex rel.* v. *Ridgley*, 21 Ill. 66.

While it may be true that the only remedy available to petitioners is by *quo warranto*, we are not prepared to hold that private individuals may, notwithstanding the provision of our statute, avail themselves of this extraordinary remedy without the consent of the Attorney General or State's attorney, and without the petition for leave to file the information in the name of one of those officers, upon the relation, etc.

The court below erred in allowing the information to be filed over the objection of respondents, and in subsequently refusing, on the motion of the State's attorney, to vacate and set aside that order. Its judgment will accordingly be reversed.          *Judgment reversed.*

CARTER and BOGGS, JJ., dissenting.