George Berz, Coroner, etc., for use, etc., v. Harry S. Mecartney.

### Gen. No. 11,893.

1. CHATTEL PROPERTY—*when defendant has not title to.* A defendant in an action of attachment has no title to chattel property where he never paid anything upon account of the purchase thereof, never had it in his possession, and where, in so far as he could, he had conveyed to another whatever title he had in said property, who, in turn, paid for such property out of his own personal funds before the levy in such attachment suit.

2. ATTACHMENT—*what title acquired by virtue of.* Plaintiffs in attachment by virtue of their levy acquire no other or greater title than the defendant had.

3. BILL OF EXCEPTIONS—*when estoppel to question signing and sealing of, arises.* Where the appellee has stipulated that the original bill of exceptions in lieu of a copy thereof may be used by the clerk in preparing the transcript for appeal, he is estopped to say that the bill of exceptions was not signed and sealed in due time.

Action of debt upon replevin bond. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed June 30, 1904. Rehearing denied July 14, 1904.

WATERMAN, THURMAN, STAFFORD & Ross, for appellant.

SHERMAN C. SPITZER, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

Appellant brought an action of debt against appellee Mecartney and one F. E. Bachman. The declaration counts upon a bond dated December 5, 1899, given by Bachman as principal and Mecartney as surety in the sum of $2,000, conditioned that if Bachman shall prosecute to effect a certain replevin suit that day commenced by him against the sheriff of Cook county and Leonard & Wright for the recovery of certain personal property described, etc., then the bond to be void, etc.; that said personal property was replevied and turned over to said Bachman; that said replevin suit wholly failed, and Bachman did not return said property, although return thereof was awarded, etc. Appellee Mecartney was the only defendant served with process. By pleas and replications the dominant question presented to the trial court was whether the said personal property belonged to James B. Greer or to said F. E. Bachman November 23, 1899, when it was taken by said sheriff upon the writ of attachment hereinafter mentioned. The cause was tried by the court without the intervention of a jury. The court found the issues for the plaintiff i. e., $1,000 debt and damages one dollar. From the judgment entered upon this finding the present appeal was perfected.

It is stipulated that Leonard & Wright began an attachment suit against James B. Greer November 23, 1899; that the sheriff executed the writ by levying upon certain steel tanks as the property of said Greer, which were found in the physical possession of the Hibben & Hill Boiler Works in South Chicago, Illinois; that December 5, 1899, said Bachman began the replevin suit in which the bond in suit was given, and under the writ issued therein the coroner took said tanks from the possession of the sheriff; that in the attachment suit a judgment was afterwards rendered against Greer, who was brought in by publication only, in

the sum of $1,532; that thereafter the replevin suit was dismissed for want of prosecution, and judgment thereon was rendered in favor of the defendants therein, and a writ of *retorno habendo* granted and issued; that upon demand for the return of said tanks and refusal, the present action was commenced; that the value of the tanks at the time, etc., was $875; and that said bond was duly executed by Bachman and Mecartney.

It further appears that in October, 1899, the Hibben & Hill Boiler Works agreed to build these tanks for Greer for the sum of $875; that they constructed the tanks and still had them in their possession when they were taken in the attachment suit; that November 16, 1899, the Boiler Works wrote Greer that the tanks were about ready for shipment and they awaited instructions. They also say : " We received a letter from Buffalo, dated November 14th, from a Mr. Bachman, who, we assume from the contents, to be associated with you. He asked as to the bracing of the tanks." November 8 there was enclosed in a letter to the Boiler Works a check of that date for the sum of $857.50 drawn by said Bachman upon a Buffalo, New York, bank, and directing that the tanks be shipped to " Mr. F. E. Bachman, Treasurer, care American Tin Plate Co. Ind., via the P., C., C. & St. L. R. R." This letter and check were received by the Boiler Works November 22, and the check was that day cashed by them. At the same time they wrote Greer at Buffalo protesting against the deduction of two per cent from the contract price, and asking for a check for the balance. The next day the tanks were taken in the attachment suit. The Boiler Works telegraphed this fact to Greer. Bachman wired back that the tanks were his property.

The evidence further shows that Greer, in 1899, had a contract for building a water purifier plant at Elwood, Indiana; that in September of that year he and Bachman agreed to organize a corporation for the purpose of installing and operating such plant; that each was to put in certain patents; that Greer was to put in no cash, but Bachman

was to furnish all the money necessary to carry on the project, and all the contracts relating to the works were to be assigned to him until the corporation could be formed, when the entire business was to be turned over to it; that November 9, 1899, Greer, in writing, assigned his interest in the contract for the construction of these tanks and the other contracts then held by him relating to the water-works to Bachman for the ultimate benefit of the corporation; that the only interest Greer had in the corporation was this: stock was to be issued to him as fast as it was earned by the profits of the business up to the par value of $14,000 and that the money which paid for the tanks was Bachman's money.

It is not disputed but that Greer was justly indebted to Leonard & Wright in the sum of $1,532, the amount of the judgment in the attachment suit; but of this indebtedness Bachman had no notice or knowledge prior to the beginning of such suit.

The dismissal of the replevin suit for want of prosecution left in appellee the right to defend upon the merits in this action. R. S., sec. 26, ch. 119.

The pivotal question is, was the title of these tanks in Greer at the time Leonard & Wright began suit and caused them to be levied upon. Greer paid no part of the purchase price of these tanks, nor did he ever have them in his possession. In so far as he could so do he had conveyed whatever interest he had in these tanks to Bachman, and the latter had paid for them out of his personal funds before the levy was made in the attachment suit. Leonard & Wright by virtue of their attachment took no other or greater title in and to this personal property than Greer then had. Samuel v. Agnew, 80 Ill. 553.

Under the evidence contained in this record we are of the opinion that the trial court was justified in finding that Greer had no title to these tanks subject to attachment at the time they were seized by the sheriff, and that the title to the same was then in Bachman. The judgment entered herein is therefore right and must be affirmed.

Appellee made a motion, which was reserved to the hearing, to strike the bill of exceptions from the files for the reason that it was not signed and sealed within the time required by law. It appears that the bill was presented to the trial judge July 3, 1903, which was in due time, and that he endorsed thereon, " Presented, but not left with me and immediately taken away. Philip Stein. July 3, 1903." July 7, 1903, the bill was again handed to the judge and he then signed and sealed it as of that date. July 7 was beyond the time fixed by the court in which the bill was to be presented. Afterwards appellee stipulated that the original bill of exceptions, in lieu of a copy thereof, might be used by the clerk of the trial court in preparing the transcript for this court. By this stipulation appellee is estopped to say that the bill of exceptions was not signed and sealed in due time. Lederbrand v. Pickrell, 167 Ill. 624. The motion is therefore overruled.

The judgment of the Superior Court is affirmed.

*Affirmed.*