## Martin L. Benson, Appellee, v. William Fitzgerald, Appellant.

### Gen. No. 13,889.

1. TRANSCRIPT OF RECORD—*bill of exceptions; when will be stricken.* A bill of exceptions not signed or filed within the time specified in the order providing therefor, will be stricken from the transcript.

2. TRANSCRIPT—*what does not preclude objection that bill of exceptions was filed in apt time.* The execution of a stipulation authorizing the use of the original bill of exceptions in making up the transcript of the record does not estop the signer thereof from urging the failure to file such bill of exceptions within the time

prescribed by the court where such execution of such stipulation preceded the expiration of such time.

Trespass. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed April 3, 1908.

WILLIAM H. FITZGERALD, for appellant; JOHN T. MURRAY, of counsel.

EDWARD H. MORRIS, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

In this action appellee recovered damages for assault. The issues were submitted to a jury, who returned a verdict of $500 against appellant, and judgment was entered accordingly. Appellant urges that the verdict and judgment are against the evidence and that the damages are excessive.

Appellee has moved to strike the bill of exceptions from the record, upon the ground that it was not filed within the time allowed by the Circuit Court. It appears that defendant, appellant herein, prayed an appeal, which was allowed "upon filing herein an appeal bond in the penal sum of seven hundred and fifty dollars to be approved by the court, together with his bill of exceptions, within sixty days from this date." The order was entered February 23, 1907. The bill of exceptions was filed May 7, 1907, and therefore not within the sixty days allowed. It is claimed in behalf of appellant that the bill of exceptions was "furnished" within the sixty days allowed, was then examined and approved by the opposing attorney, was signed and sealed by the court and was filed "a few days later." It is contended that it became a part of the record notwithstanding the fact that it was not filed until after the expiration of the sixty days allowed. In Hill v. City of Chicago, 218 Ill. 178-180, it is said: "The same rule has been applied to the bond and the bill

of exceptions and it has been held that the time allowed
may be extended where the court has not lost juris-
diction; but if the time fixed in the order as made or
extended has expired, the jurisdiction is lost and the
act of the court in approving the bond or settling and
signing the bill of exceptions is a nullity.'' See also
Pieser v. Minkota Milling Co., 124 Ill. App. 280-282.
In the case at bar the bill of exceptions, although ap-
proved by the plaintiff's attorney April 22, 1907, and
signed by the judge, was not filed until May 7th fol-
lowing, at which time the sixty days allowed for filing
had already expired several days before. The time
allowed having expired, the subsequent filing of the
bill of exceptions was a nullity. There is, therefore,
no valid bill of exceptions in the record. In Hall v.
Royal Neighbors, 231 Ill. 185-190-191, in the order
allowing the appeal it was provided that appellant
should file the bill of exceptions on or before the ex-
piration of a fixed number of days, and the bill was
signed and sealed by the judge of the court at least
a week before the expiration of the time allowed, so
that the failure to file it was not due to any neglect
or delay of the judge in signing or sealing the bill.
The court in that case declines to give its assent to a
proposition so absurd as ''that a bill of exceptions is
filed when it is not filed,'' merely because it has been
signed and sealed in apt time. In the case before us,
as in that case, it would make no difference ''if a bill
of exceptions becomes a part of the record without
being filed, for the reason that the appeal was granted
on condition that the bill of exceptions should be filed
within the time limited.'' But referring to the statute
which provides that a bill of exceptions allowed, signed
and sealed by the judge ''shall thereupon become a
part of the record of such cause,'' the court says (p.
191): ''It was never understood that a bill of excep-
tions, although signed and sealed in open court during
the progress of the trial, became a part of the record
without being left in the office of the clerk where the

other papers and proceedings in the trial were deposited.''

It is, however, urged that appellee's attorney is estopped to object that the bill of exceptions in this case was not filed in time. It was stipulated on the bill of exceptions as follows: ''It is stipulated by and between the parties hereto, by their respective attorneys, that this original bill of exceptions may be incorporated in the transcript of the record hereof by the clerk, instead of a copy thereof.'' This stipulation is signed by the attorneys of both parties to the suit, but it was apparently made before the expiration of the sixty days' time allowed for filing. In Lederbrand v. Pickrell, 167 Ill. 624-625, it was held that where a like stipulation was made, ''after the expiration of the sixty days'' the counsel moving to strike had recognized the validity of the certificate of evidence in spite of the fact that the clerk did not put his file mark upon it within sixty days; and that having afterward stipulated that the original certificate might go into the record in lieu of a copy, they were estopped from objecting that it was not filed in time. In Porter v. The People, 182 Ill. 516-520, cited by appellant's attorney, there was no order of court fixing the time of filing, but thirty days were allowed in which ''to present and settle a bill of exceptions.'' This was done within the time fixed. Afterward there was a stipulation for filing it, signed by the opposing counsel on both sides, and it was filed within the time stipulated. The motion to strike was overruled. In Berz v. Mecartney, 115 Ill. App. 66-70, the facts were like those in Lederbrand v. Pickrell, *supra*—that is, the stipulation that the original bill of exceptions might be used in lieu of a copy, the bill itself having been signed and sealed, not within the time allowed, but subsequently, was made after the bill of exceptions had been so signed and sealed by the judge, and after the time for doing so had expired. Having so stipulated after the expiration of the time allowed, the presumption would be that the appellee intended to

waive the default. In the case at bar we are of opinion that the stipulation to incorporate in the transcript the original bill of exceptions in lieu of a copy having been made before the expiration of the time allowed for filing it, should be deemed to have been made in the expectation that the bill of exceptions would be filed within the time fixed, was not a waiver of compliance by appellant with the order fixing the time within which it should be filed and does not estop appellee from moving to strike the bill from the record. The motion to strike must therefore be allowed.

There being no bill of exceptions in the record, the judgment of the Circuit Court must be affirmed.

*Affirmed.*